

2004 DEC 23  PM 2:48

CLEVELAND OF OH

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CATHERINE BOSLEY                )
AKA CATHERINE BALSLEY           )   **4:04CV2529**
1062 Shields Road               )
Youngstown, Ohio 44511          )   CASE NUMBER:
                                )
        and                     )   JUDGE:
                                )
RICHARD BROWN                   )
1062 Shields Road               )   COMPLAINT
Youngstown, Ohio 44511          )
                                )
            Plaintiffs,         )   *(Jury Demand Endorsed Hereon)*
                                )
    vs.                         )   MAG. JUDGE LIMBERT
                                )
21 WFMJ                         )
101 W. Boardman Street          )
Youngstown, Ohio 44503          )
                                )
        and                     )
                                )
WFMJ TELEVISION, INC.,          )
c/o Betty Brown Jagnow,         )
Statutory Agent                 )
107 Vindicator Square           )
Youngstown, Ohio 44503          )
                                )
        and                     )
                                )
MICHELLE NICKS                  )
6402 Saint Andrews Drive        )
Canfield, OH  44406             )
                                )
        and                     )
                                )
                                )

JOHN URCHEK                                  )
100 Leckrone Way                             )
Cortland, OH  44410                          )
                                             )
    and                  )
                                             )
ANDREWS CYCLES, INC.                         )
c/o Russell Haehn,                           )
Statutory Agent                              )
565 E. Main Street, Suite 210                )
Canfield, Ohio 44406                         )
                                             )
    and                  )
                                             )
RUSSELL HAEHN                                )
565 E. Main Street, Suite 210                )
Canfield, Ohio 44406                         )
                                             )
    and                  )
                                             )
XYZ COMPANIES 1-50                           )
                                             )
    and                  )
                                             )
PDQ COMPANIES 1-50                           )
                                             )
    and                  )
                                             )
JOHN DOES 1-50                               )
                                             )
    and                  )
                                             )
JANE DOES 1-50                               )
                                             )
                 **Defendants.**        )

    Now come Plaintiffs, Catherine Bolsley aka Catherine Balsley and Richard Brown, by and through counsel, and for their Complaint, state as follows:

    1.      Defendants 21 WFMJ, WFMJ Television, Inc., Michelle Nicks, John Urchek, Andrews Cycles, Inc. and Russell Haehn have engaged in the widespread, willful, and malicious practice of illegally editing, reproducing, copying, distributing, and/or selling copyrighted works

owned by Plaintiffs for the purpose of causing irreparable injury and harm to Plaintiffs, while simultaneously benefiting from this misconduct. Plaintiffs seek redress for these wrongful acts.

## NATURE OF THE ACTION

2.      This action arises under the Copyright Laws of the United States, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), 15 U.S.C. § 1125 (the "Lanham Act"), 17 U.S.C. § 1202 (the Digital Millennium Act) and the statutory and common laws of Ohio.

## JURISDICTION VENUE AND THE PARTIES

3.      This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (a) (copyrights), 17 U.S.C. §§ 101 *et seq.*, 17 U.S.C. § 1202, 15 U.S.C. § 1125, and through the Court's pendent and supplemental jurisdiction.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391 (b) (2) and/or § 1400 (a) in that Defendants 21 WFMJ, WFMJ Television, Inc., Michelle Nicks, John Urchek, Andrews Cycles, Inc., Russell Haehn are located and have their principal places of business within this judicial district, or defendants reside, may be found, and/or transact business within this judicial district, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

5.      Catherine Bosley is, and at all times mentioned herein was, an individual residing in Mahoning County, Ohio.

6.      Richard Brown is, and at all times mentioned herein, was an individual residing in Mahoning County, Ohio.

7.      At all times mentioned herein, Catherine Bosley and Richard Brown have been a married couple, living together in Mahoning County, Ohio.

8.      Defendant, 21 WFMJ, is, and at all times mentioned herein was, a company located in Mahoning County, Ohio, and wholly owned by Defendant, WFMJ Television, Inc.

3

9.      Defendant, WFMJ Television, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Mahoning County, Ohio.

10.     Defendant, Michelle Nicks, is, and at all times mentioned herein, was an employee/agent of 21 WFMJ, and WFMJ Television, Inc. and she resides in Mahoning County.

11.     Defendant, John Urchek, is, and at all times mentioned herein, was an employee/agent of 21 WFMJ, and WFMJ Television, Inc. and he resides in Trumbull County.

12.     Defendant, Andrews Cycles, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Mahoning County, Ohio.

13.     Defendant, Russell Haehn, is, and at all times herein was, the owner of Defendant Andrews Cycles, Inc., and he resides in Mahoning County, Ohio.

14.     The identities of XYZ Companies 1-50, PDQ Companies 1-50, John Does 1-50, and Jane Does 1-50 are not presently known.  This Complaint will be amended to include the names of such individuals and entities when identified.

15.     Upon information and belief, XYZ Companies 1-50 are affiliates, employees, agents, parents, or subsidiaries of Defendants 21 WFMJ, WFMJ Television, Inc., and/or Andrews Cycles, Inc., and/or entities otherwise associated with these Defendants who had the right and ability to supervise the activities alleged herein and received a direct financial benefit from this misconduct.

16.     Upon information and belief, John Does 1-50 are owners, officers, employees, and/or agents of Defendants 21 WFMJ, WFMJ Television, Inc., Andrews Cycles, Inc., and/or XYZ Companies 1-50 who have directly or indirectly participated in the illegal distribution, copying, reproduction, selling, and/or illegal editing of copyrighted works owned by Plaintiffs,

4

and/or who had the right and ability to supervise the activities alleged herein and received a direct financial benefit from this misconduct.

17.     Upon information and belief, PDQ Companies 1-50 are Mahoning County area businesses, organizations, and/or entities, other than Defendants 21 WFMJ, WFMJ Television, Inc., Andrews Cycles, Inc. and XYZ Companies 1-50, who also have engaged in a widespread, willful, and malicious practice of distributing, copying, reproducing, selling, and/or illegally editing copyrighted works owned by Plaintiffs for the purpose of causing irreparable injury and harm to Plaintiffs.

18.     Upon information and belief, Jane Does 1-50 are individuals residing in the Mahoning County area, other than Defendants John Does 1-50, who also have engaged in a widespread, willful, and malicious practice of distributing, copying, reproducing, selling, and/or illegally editing copyrighted works owned by Plaintiffs for the purpose of causing irreparable injury and harm to Plaintiffs, including owners, officers, employees, and/or agents of Defendants PDQ Companies 1-50 who had the right and ability to supervise the activities alleged herein and received a direct financial benefit from these activities.

## BACKGROUND FACTS

19.     In March 2003, Plaintiff, Catherine Bosley, participated in a wet T-shirt contest in Florida.

20.     Unbeknownst to Plaintiffs, photographs and videotape of the wet T-shirt contest were distributed throughout the United States.

21.     As a result of the creation and distribution of photographs and videotape of the event, the Plaintiffs initiated a lawsuit in the United States District Court for the Northern Division of Ohio, Eastern Division, bearing Case Number 4:04CV0393. The lawsuit was assigned to Judge Gwinn.

5

22.    The litigation was resolved by May 2004. The Plaintiffs were assigned, and became the owners of, the following copyrighted materials: (a) the collection of Bosley wet T-shirt photos from Lenshead.com (employer for hire of Gontran Durocher); (b) the videotape known as Dreamgirls, Inc.'s Spring Break 2000 created by Dreamgirls, Inc. (employer for hire of Jim Faile); and (c) Wildwett.com's The Naked News Anchor created by Dreamgirls, Inc. dba Wildwett.com (employer for hire of Jim Faile). (Hereinafter collectively the "copyrighted works.") (See Exhibit A, attached hereto.)

## FIRST CAUSE OF ACTION

23.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

24.    Plaintiffs have complied in all respects with the Copyright Act and all other laws and regulations governing copyrights, and they have properly secured exclusive rights and privileges to the copyrighted works.

25.    Defendants, individually, and/or by and through their authorized employees, agents, and/or affiliates edited, reproduced, altered, distributed, copied, and/or sold the copyrighted works owned by Plaintiffs, without the authority, permission, or consent of Plaintiffs.

26.    As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

27.    Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully. Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

## SECOND CAUSE OF ACTION

28.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

29.    Defendants have engaged in contributory infringement of copyrighted works owned by Plaintiffs, without authority, permission, or consent by inducing, causing, or materially contributing to the infringing activities alleged herein with knowledge of such infringing activities.

30.    As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

31.    Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.  Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

### THIRD CAUSE OF ACTION

32.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

33.    Defendants have engaged in vicarious infringement of copyrighted works owned by Plaintiffs since  these Defendants had the right and ability to supervise the infringing activities alleged herein and received a direct financial benefit from the infringement.

34.    As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

35.    Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done knowingly and willfully.  Therefore, Plaintiffs seek to recover enhanced statutory damages as set forth below.

### FOURTH CAUSE OF ACTION

36.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

37.    The copyrighted works owned by Plaintiffs contain copyright management information as defined in 17 U.S.C. § 1202 (c).

38.    Defendants, individually, and/or by and through their authorized employees, agents and/or affiliates, intentionally and without the authority of Plaintiffs removed and/or

7

altered the copyright management information contained on or conveyed with the copyrighted works and thus engaged in conduct prohibited by 17 U.S.C. § 1202 (b) (1).

39.     Defendants distributed and/or imported for distribution the copyrighted works which are the subject of this lawsuit knowing that copyright management information had been removed and/or altered without the authority of Plaintiffs and thus engaged in conduct prohibited by 17 U.S.C. § 1202 (b) (3).

40.     Plaintiffs reserve the right to seek statutory damages as provided by law.

41.     Upon information and belief, Plaintiffs believe that the aforementioned acts of Defendants were done willfully for the purpose of concealing infringing activity. Thus, Plaintiffs reserve the right to recover any available enhanced statutory damages.

## FIFTH CAUSE OF ACTION

42.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

43.     Defendants, individually, and/or by and through their authorized employees, agents and/or affiliates, misappropriated, published, and/or distributed for their own use or benefit the likeness of Catherine Bosley, which has intrinsic value, by directly or indirectly engaging in distributing, copying, reproducing, and/or selling of copyrighted works owned by Plaintiffs in order to cause injury and harm to Plaintiffs, while simultaneously benefiting therefrom.

44.     As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

45.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done with actual malice. Therefore, Plaintiffs assert that they are entitled to punitive damages as set forth below.

## SIXTH CAUSE OF ACTION

46.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

47.     Defendants, individually and/or by and through their authorized employees/agents, are using and have used Catherine Bosley's persona for a commercial purpose knowingly without her consent and in violation of O.R.C. § 2741.01, *et seq.*

48.     As a direct and foreseeable consequence of these acts, Plaintiffs have been and continue to be damaged.

49.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done with actual malice.  Therefore, Plaintiffs assert that they are entitled to punitive damages as set forth below.

## SEVENTH CAUSE OF ACTION

50.     Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

51.     Upon information and belief, two or more of the Defendants referenced herein maliciously conspired to engage in the misconduct outlined herein.

52.     These Defendants so conspired for the purpose of causing irreparable injury and harm to Plaintiffs.

53.     The misconduct that was and is the subject of the conspiracy of these Defendants constitutes one or more unlawful acts that were and are distinct from the illegal and malicious conspiracy itself.

54.     As a direct and foreseeable consequence of this unlawful act, Plaintiffs have been and continue to be damaged.

55.     Plaintiffs are informed and believe, and based thereon allege, that the acts of these Defendants were done with actual malice.  Therefore, Plaintiffs assert that they are entitled to punitive damages as set forth below.

## EIGHTH CAUSE OF ACTION

56.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

57.    The misconduct of Defendants, as highlighted herein, constitutes false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, in commerce, as contemplated by 15 U.S.C. § 1125 (a) (1).

58.    Defendants' misconduct as highlighted herein is likely to cause confusion, to cause mistake, and/or to deceive as to the existence of any relationship, affiliation, connection, association, sponsorship, and/or endorsement between Catherine Bosley and the illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs and/or those individuals and/or entities who illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs.

59.    Defendants' misconduct has, in fact, already caused confusion, mistake, and/or deception as to the existence of a relationship, affiliation, connection, association, sponsorship, and/or endorsement between Catherine Bosley and the illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs and/or those individuals and/or entities who illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs.

60.    Defendants' misconduct violates 15 U.S.C. § 1125 (a) (1) (A).

61.    Defendants' misconduct was committed willfully, with full knowledge of Plaintiffs' rights and with the intention of deceiving and misleading the public.

62.    Defendants' misconduct substantially effects interstate commerce.

63.    Defendants will continue their misconduct unless such activities are enjoined.

64.    As a direct and proximate consequence of these acts, Plaintiffs have been and continue to be damaged.

10

## ELEVENTH CAUSE OF ACTION

65. Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

66. The conduct of Defendants constitutes unfair, unconscionable, and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce, in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.01, *et seq.* In that regard, Defendants conduct has and will continue to cause a likelihood or probability of confusion or misunderstanding as to the existence of any relationship, affiliation, connection, association, sponsorship, and/or endorsement between Catherine Bosley and the illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs and/or those individuals and/or entities who illegally distributed, copied, reproduced, sold, and/or edited copyrighted works owned by Plaintiffs.

67. Defendants' conduct has damaged and will continue to damage Plaintiffs' goodwill and reputation and has resulted in losses to Plaintiffs and an illicit gain of profit to Defendants in an amount that is unknown at the present time. Furthermore, Defendants' conduct was willful and Defendants knew of the deceptive nature of their acts.

## TWELFTH CAUSE OF ACTION

68. Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

69. The acts and conduct of Defendants as alleged herein constitute unfair competition pursuant to the common law of the State of Ohio.

70. Defendants' conduct as alleged above has damaged and will continue to damage Plaintiffs goodwill and reputation and has resulted in losses to Plaintiffs and an illicit gain of profit to Defendants in an amount that is unknown at the present time. Furthermore, Defendants' conduct was willful and Defendants knew of the deceptive nature of their acts.

## THIRTEENTH CAUSE OF ACTION

11

71.    Plaintiffs restate each of the previous Paragraphs as if fully rewritten herein.

72.    Defendants 21 WFMJ, WFMJ Television, Inc., Andrews Cycles, Inc, Russell Haehn, XYZ Companies 1-50, and PDQ Companies 1-50 are vicariously liable for all claims/damages alleged herein committed by their respective employees and/or agents, pursuant to the doctrine of *respondeat superior*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.    That Defendants, their agents, servants, employees, contractors, attorneys, successors, assigns, and all persons, firms, corporations or entities acting under their direction, authority, or control, and all persons or entities acting in concert with them, be enjoined preliminarily and permanently, in this and all other judicial districts in the United States, from: (1) reproducing, editing, copying, displaying, importing, marketing, selling and/or distributing any and all copyrighted works owned by Plaintiffs; (2) removing and/or altering copyright management information contained on or conveyed with copyrighted works owned by Plaintiffs; and (3) distributing and/or importing for distribution copyrighted works owned by Plaintiffs which contain altered copyright management information and/or from which copyright management information has been removed.

B.    That this Court authorize the United States Marshals, and authorized agents of Plaintiffs, to seize and impound, pending further Order of this Court: (1) any and all copies and/or reproductions of any and all copyrighted works owned by Plaintiffs existing in any form whatsoever, including, but not limited to, photographs, videotapes, film negatives, and electronically-stored material; and (2) anything ever used by Defendants to reproduce, copy, display, import, market, sell and/or distribute any copyrighted works owned by Plaintiffs.

C.    That Defendants, their agents, servants, employees, contractors, attorneys, successors, assigns, and all persons, firms, corporations or entities acting under their direction, authority, or control, and all persons or entities acting in concert with them, be ordered to deliver to Plaintiffs' Counsel for destruction or disposal (as Plaintiffs deem appropriate) any and all infringing and/or illegally edited material that is now, or that ever once was, in their possession, custody, or control, including, but is not limited to, any and all copies and/or reproductions of copyrighted works owned by Plaintiffs existing in any form whatsoever, such as photographs, videotapes, film negatives, and electronically-stored material; and anything ever used by Defendants to reproduce, copy, display, import, market, sell and/or distribute any copyrighted works owned by Plaintiffs.

D.    That Defendants be required to pay Plaintiffs, at Plaintiffs' election, either: (1) such damages as Plaintiffs have sustained as a result of Defendants' copyright infringement together with all gains, profits, and advantages derived therefrom by Defendants or (2) statutory damages of up to One Hundred Fifty Thousand Dollars ($150,000.00) for each infringement of each of the copyrighted works owned by Plaintiffs.

E.    That Defendants be required to pay Plaintiffs, at Plaintiffs' election, either: (1) the actual damages Plaintiffs have sustained as a result of Defendants' violations of the Digital Millennium Copyright Act together with any related profits of these Defendants or (2) statutory damages of up to Twenty Five Thousand Dollars ($25,000.00) for each violation of each Defendant under the Digital Millennium Copyright Act.

F.    That Defendants be required to pay Plaintiffs, at Plaintiffs' election, either: (1) the actual damages Plaintiffs have sustained as a result of Defendants' violations of her right to publicity or (2) statutory damages of up to Ten Thousand Dollars ($10,000.00) for each of the

13

Defendants' violations of Mrs. Bosley's right to publicity pursuant to O.R.C. § 2741.07 (A) (1) (b).

G.    That Defendants be ordered to pay Plaintiffs all costs they incurred in brining this action, including reasonable attorneys' fees.

H.    That Defendants be ordered to pay Plaintiffs for profits, damages and costs, and attorneys' fees, in an enhanced amount, contemplated by 15 U.S.C. § 1117 (a).

I.    That Defendants be order to pay damages to the full extent authorized by Section 4165.01, *et seq.* of the Ohio Revised Code.

J.    That punitive damages to be assessed against Defendants, and awarded in favor of Plaintiffs, in an amount not less than One Hundred Thousand Dollars ($100,000.00), as Defendants acted with actual malice toward Plaintiffs in participating in the misconduct alleged herein.

K.    Compensatory damages, and such other and further relief be awarded to Plaintiffs that this Court deems just, proper, and equitable.

Respectfully submitted,

Andrew A. Kabat          (0063720)
Shannon J. Polk          (0072891)
REMINGER & REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH  44115
Phone:  (216) 687-1311
Fax:      (216) 687-1841
Email: akabat@reminger.com
          spolk@reminger.com

Attorneys for Plaintiffs

14

## JURY DEMAND

Plaintiffs request a trial by jury on all claims so triable in this case.

Andrew A. Kabat        (0063720)
Shannon J. Polk        (0072891)