UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CATHERINE BOSLEY, also known as CATHERINE BALSLEY, et al., | ) ) ) | Case No.  4:04CV2529 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN Magistrate Judge George J. Limbert |
| v. | ) ) | |
| 21 WFMJ, et al., | ) ) | ORDER |
| Defendants. | ) | |

The instant matter came before the undersigned upon Nonparty Mark Koontz's Motion to Quash Subpoena issued by Plaintiff on July 27, 2005, Nonparty Mike Gauntner's Motion to Quash the Subpoena Duces Tecum, or, In the Alternative, for a Protective Order from a subpoena issued by Plaintiff to National City Bank on July 27, 2005, and Plaintiffs' Motion to Compel Non-Party John Grdic to Comply with Subpeona[sic] Requesting Documents. ECF Dkt. #s 148, 152, 186. On August 31, 2005, the Honorable James S. Gwin referred the instant discovery disputes to the undersigned and further referred any subsequent matters or pleadings filed thereto relating to these discovery disputes. ECF Dkt. #208.

On September 15, 2005, the undersigned conducted a hearing on the motions with Attorney Andrew Kabat, counsel for Plaintiff, Attorneys David Marburger, Stephen Bolton and Aaron Rupert, counsel for Defendants 21 WFMJ and WFMJ Television, Inc., Attorney John Juhasz, Jr., counsel for Defendant Michelle Nicks, and Attorney James E. Lanzo, counsel for Defendant John Urchek, present.

**I.    NONPARTY MARK KOONTZ'S MOTION TO QUASH SUBPOENA (ECF DKT. #148)**

On August 8, 2005, nonparty Mark Koontz filed a motion requesting that the Court quash a

subpoena issued by Plaintiffs compelling WJW-Television, Mr. Koontz's prior employer, to produce a copy of a confidential separation agreement that WJW and Mr. Koontz had entered into upon Mr. Koontz leaving WJW's employment in 2000. ECF Dkt. #148. Mr. Koontz asserts that this separation agreement is irrelevant information and would not lead to the discovery of admissible evidence in this case. *Id.* Plaintiffs filed a brief in opposition to the motion to quash arguing initially in their brief that Defendant WFMJ had already produced a redacted copy of that agreement to Plaintiffs, but stating at the conference on this matter that they had not in fact received a copy of the separation agreement in any form. ECF Dkt. #181. Plaintiffs intimated at the

conference that the information contained in the separation agreement is relevant, however, because it may contain relevant information challenging the credibility of Mr. Koontz's testimony at his deposition and may show that he was somehow involved in the dissemination of Plaintiff's videotape.

"[T]he scope of discovery is a matter usually committed to the district court's sound discretion." *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 416 (6th Cir. 1999). Rule 45(c) indicates that upon a timely motion, the Court shall quash a subpoena if it "(iv) subjects a person to undue burden." Rule 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and the Rule also provides that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Upon review of Rules 26(b)(1) and 45(c) of the Federal Rules of Civil Procedure, and the parties' oral and written arguments, the Court GRANTS Mr. Koontz's motion to quash. ECF Dkt. #148. In resolving discovery disputes, courts must balance the need for discovery "against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs

against disclosure." *American Elec. Power Co., Inc. v. United States,* 191 F.R.D. 132, *136 (S.D.Ohio,1999)(citations omitted). The party seeking discovery shoulders the burden of demonstrating its relevance. *Id*.

Here, Plaintiffs request information relating to the separation agreement between Mr. Kootnz and WJW, two nonparties to this case, which occurred in 2000, three years before any lawsuit relating to the videotape at issue in this case arose. Plaintiffs have failed to show that the separation agreement of a non-party to this case has any relevance to any claims or defenses presented in this case. In the case before this Court, Plaintiffs have not accused Mr. Koontz of illegally copying, distributing or disseminating the videotape of Plaintiff. Moreover, even if the separation agreement would show that some dispute existed between Mr. Koontz and another employee at WJW, as argued by and elaborated upon by Plaintiffs at the conference, Plaintiffs have failed to show how that information is relevant to the claims before this Court. And whether the separation agreement would discredit Mr. Koontz's deposition testimony still fails to show that it is relevant to the claims or defenses in this case. Accordingly, the Court GRANTS Mr. Koontz's motion to quash the subpoena issued by Plaintiffs on July 27, 2005. ECF Dkt. #148.

## II. NONPARTY MIKE GAUNTNER'S MOTION TO QUASH SUBPOENA (ECF DKT. #152)

Non-party Mike Gauntner, the General Manager for Defendant WFMJ, also moves the Court to quash a subpoena issued by Plaintiffs for his financial information from National City Bank. ECF Dkt. #152. Plaintiffs had issued a subpoena duces tecum to National City Bank requesting a copy of Mr. Gauntner's Visa Card Statements for the months of November and December 2003 and January, February and March of 2004. ECF Dkt. #177.

At the conference, counsel for Mr. Gauntner represented that National City Bank had already

produced the documents requested by Plaintiffs and he had no objection to Plaintiffs' retention of the documentation relating to the transactions that they were seeking; namely, transactions relating to the purchase of the DreamGirls videotape that is the subject of this case. Plaintiffs' counsel represented that two such transactions were found on the credit card statements. Accordingly, the Court finds that Mr. Gauntner's motion to quash is DENIED as MOOT.

However, Mr. Gauntner orally modified his motion to quash into a protective order requesting that the Court order Plaintiffs' counsel to refrain from using Mr. Gauntner's social security number, bank account numbers and credit card numbers in order to obtain further information. Mr. Gauntner also moved the Court to order Plaintiffs' counsel to return to him any and all copies of the information that he had obtained from National City Bank that did not involve transactions relating to the videotape and to produce to Mr. Gauntner a copy of the statement that Plaintiffs plan on retaining relating to transactions involving the purchase of the videotape. This Court is aware of the confidentiality and privacy of one's personal financial documents, especially those of a nonparty, *see In re Administrative Subpoena, John Doe v United States*, 253 F.3d 256 (6th Cir. 2001) and therefore GRANTS Mr. Gauntner's oral motion for a protective order. The Court ORDERS Plaintiffs to return to Mr. Gauntner any and all of the documentation that they obtained that is unrelated to the purchases of the relevant videotape and to produce to Mr. Gauntner a copy of the statement or statements that they intend to keep that are relevant to those two transactions. Plaintiffs shall return these documents by September 30, 2005. Plaintiffs' counsel represented as an officer of this Court that he would not use Mr. Gauntner's personal or financial information to obtain further information about him and the Court accepts this representation.

### III. PLAINTIFFS' MOTION TO COMPEL NONPARTY JOHN GRDIC TO COMPLY

**WITH SUBPOENA REQUESTING DOCUMENTS (ECF DKT. #186).**

Plaintiffs also have an outstanding motion requesting that this Court compel John Grdic, the General Manager of Defendant WFMJ, to comply with their subpoena for his notes relating to his investigation of the allegations that his employees were copying, editing, and distributing videotapes of Plaintiff Catherine Bosley. ECF Dkt. #186. Mr. Grdic and Defendant WFMJ move the Court to deny this motion, arguing that the notes are protected by the attorney-client privilege between Defendant WFMJ and Attorney Steve Bolton. ECF Dkt. #223. At the conference, Defendant WFMJ and Mr. Grdic argued that Mr. Grdic prepared these written notes of his interviews with employees pursuant to Attorney Bolton's instructions so that Attorney Bolton could evaluate Attorney Kabat's threat of litigation against Defendant WFMJ and render legal advice. The Court notes that Attorney Bolton represented as an officer of the Court that he directed Mr. Grdic to create the notes in order to answer questions that he instructed Mr. Grdic to ask of employees so that Attorney Bolton could render legal advice relating to the lawsuit threatened by Plaintiffs against Defendant Nicks and Defendant WFMJ. Plaintiffs assert that Mr. Grdic testified at deposition that he could not recall the specifics of the content of his notes or of the interviews that he conducted with the employees.

Rule 26(b)(1) provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The purpose behind the attorney-client privilege is to encourage clients to communicate freely with their attorneys. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, courts construe the privilege narrowly because it serves to reduce the amount of information that can be discovered during a lawsuit. *See In re Grand Jury Investigation* No. 83-2-35, 723 F.2d 447, 451 (6th

Cir.1983). The party asserting the privilege shoulders the burden of establishing the privilege. *Id.* at 454. The party must show not only that an attorney-client relationship exists, but also all of the following elements:

> (1) the communications were received from a client during the course of the client's search for legal advice from the attorney in his or her capacity as such;
>
> (2) the communications were made in confidence; and
>
> (3) the privilege as to these communications has not been waived.

*Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 35 F.Supp.2d 582, 591 (N.D. Ohio 1999). "Once privileged communications are disclosed by a client, or with the client's approval, however, the reason for the protection of the privilege disappears." *United States v. Skeddle*, 989 F.Supp. 917, 919 (N. D. Ohio 1997) citing *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir.1996)(citing *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir.1991)). The Sixth Circuit Court of Appeals has held that "disclosure of some privileged communications waives the attorney-client privilege for all communications on the same subject matter." *Skeddle*, 989 F.Supp. at 919, citing *In re Grand Jury Proceedings*, 78 F.3d at 255 (citations omitted).

In this case, Defendant WFMJ and Mr. Grdic have established that the attorney-client privilege exists in order to protect Mr. Grdic's notes. Mr. Grdic testified at his deposition that he conducted an investigation after Defendant Nicks returned from the meeting with Attorney Kabat in which the videotapes were discussed and a lawsuit was threatened by Attorney Kabat on behalf of Plaintiffs against Defendant Nicks and Defendant WFMJ. ECF Dkt. #223, Exhibit #2. Mr. Grdic specifically testified that after he

-6-

had talked to Defendant Nicks and asked her certain questions that Attorney Bolton had told him to ask. *Id*. at 22. When asked if he had asked Defendant Nicks any questions other than those directed by Attorney Bolton, Mr. Grdic stated that "not that I can recall currently." *Id.* Mr. Grdic further testified that "[w]hatever those questions were asked by Steven Bolton, I put down. [in his notes]. Whatever questions that he asked - - -there were questions that he wanted to know. There were things that I wanted to know. So with that in mind, Andy, I asked those questions. And I put the questions down that he asked. I put them down." *Id.* at 48. While Mr. Grdic states that he had questions of his own, he did not testify that he wrote those questions and their answers down in his notes. He merely states that he put the questions down that Attorney Bolton asked. *Id.*

Based upon Mr. Grdic's testimony and Attorney Bolton's representation, the Court DENIES Plaintiffs' motion to compel Mr. Grdic to produce his notes relating to the allegations that his employees were copying, editing and distributing videotapes of Plaintiff Catherine Bosley. ECF Dkt. #186. The Court finds that these notes are protected by the attorney-client privilege as the record establishes that the notes were created pursuant to Attorney Bolton's attorney-client relationship with Defendant WFMJ and Mr. Grdic as an employee of Defendant WFMJ. The notes were created pursuant to Attorney Bolton's instructions so that he could evaluate the threat of a lawsuit and render legal advice and the notes were made in confidence at Attorney Bolton's direction. Furthermore, the privilege was not waived.

## IV. CONCLUSION

In sum, based upon the reasons stated in the foregoing Order, the Court:

1. GRANTS Nonparty Mark Koontz's Motion to Quash the subpoena issued by Plaintiffs relating to the production of his confidential separation agreement with his former employer WJW (ECF Dkt. #148);

2. DENIES as moot Nonparty Mike Gauntner's Motion to Quash the Subpoena Duces Decum (ECF DKT. #152 but GRANTS his oral request for a protective order requiring Plaintiffs to refrain from using Mr. Gauntner's social security number, bank account numbers and credit card numbers in order to obtain further information about Mr. Gauntner and to return to him any and all copies of the information that they had obtained from National City Bank that did not involve transactions relating to the videotape and to produce to Mr. Gauntner a copy of the statement that Plaintiffs plan on retaining relating to transactions involving the purchase of the videotape. Plainitffs shall return the ordered documents by September 30, 2005;

3. DENIES Plaintiffs' Motion to Compel Non-Party John Grdic to Comply with the subpoena requesting the production of his notes on his investigation into the allegations that employees of Defendant WFMJ were copying, editing and distributing copies of the videotape of Plaintiff Catherine Bosley. ECF Dkt. #186

IT IS SO ORDERED.

Date: September, 16, 2005    /s George J. Limbert
                                                 GEORGE J. LIMBERT
                                                 UNITED STATES MAGISTRATE JUDGE