UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                    :
CATHERINE BOSLEY and               :        CASE NO. 4:04-CV-2529
RICHARD BROWN *et al.*,                    :
                                                    :
            Plaintiffs,                           :        ORDER AND OPINION
                                                    :        [Resolving Doc. Nos. 406, 429]
        vs.                                          :
                                                    :
WFMJ TELEVISION, INC., *et al.*,       :
                                                    :
            Defendants.                         :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Both the Plaintiffs and the Defendants object to the Magistrate Judge's Report and

Recommendation on Plaintiffs' motion for sanctions against Defendants under Rule 11 of the

Federal Rules of Civil Procedure and Defendants' request for attorney's fees incurred in opposing

Plaintiffs' motion. [Docs. 406, 415, 429.]  The Magistrate Judge recommends that this Court deny

Plaintiffs' motion and deny Defendants' request for attorney's fees.  For the reasons discussed

below, this Court **AFFIRMS** the Magistrate Judge's Report and Recommendation, **DENIES**

Plaintiffs' Rule 11 motion for sanctions, and **DENIES** Defendants' request for attorney's fees

incurred in defending against Plaintiffs' motion.

## I.  Background

        Continuing the colossal waste of money involved with this litigation, Defendant WFMJ

refused to complete the settlement that it had reached.  In refusing to complete the settlement that

it had voluntarily reached, Defendant WFMJ offered ridiculous justification. [Doc. 397.] As a result,

Case No. 4:04-CV-2529
Gwin, J.

on March 14, 2006, Plaintiffs Bosley and Brown served Defendant WFMJ *et al*. with notice of their

intent to file a Rule 11 motion for sanctions against Defendants and Defendants' counsel. [Doc.

374.]  On March 31, 2006, WFMJ *et al*. filed opposition to Bosley and Brown's Rule 11 motion.

[Docs. 390, 391.]  In their opposition, Defendant WFMJ argued that Bosley failed to comply with

the requirements of Civil Rule 11 by failing to wait twenty-one days after serving notice. [Docs. 432,

433.]  On April 3, 2006, Bosley and Brown withdrew their motion as untimely. [Doc. 393.]

On that same day, Plaintiffs had served on Defendants with a renewed notice of their intent

to file Rule 11 sanctions. [Doc. 406.]  Plaintiffs effected this second notice upon Defendants via fax

and regular United States mail. *Id*.  On April 26, 2006, Bosley and Brown filed a renewed Rule 11

motion against Defendants and Defendants' counsel. [Doc. 406.]  On May 15 and 16, 2006,

Defendants filed opposition to this motion. [Docs. 414, 415, 416.]  On June 6, 2006, this Court

referred Plaintiffs' April 26 motion for sanctions, as well as any subsequent pleadings filed

regarding this motion, to the Magistrate Judge for a Report and Recommendation. [Doc. 422.]

On June 23, 2006, the Magistrate Judge issued his report. [Doc. 429.]  In that report, the

Magistrate Judge found that Plaintiffs had filed their request for Rule 11 sanctions twenty-three days

after giving Defendants a safe-harbor notice.  *Id*.  The Magistrate Judge found the Rule 11 motion

untimely because Civil Rule 6(e) added three days to the safe-harbor period for notice served by fax.

*Id*.  On June 30, 2006, Plaintiffs objected to the Magistrate Judge's Report and Recommendation.

[Doc. 430.]  On July 10, 2006, Defendants objected. [Docs. 432, 433.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those

portions of a Report and Recommendation to which the parties object. 28 U.S.C. § 636(b)(1).

Plaintiffs Bosley and Brown object to the Magistrate Judge's finding that they did not timely file

Case No. 4:04-CV-2529
Gwin, J.

their April 26 motion for sanctions. [Doc. 430.]  Because of this, the Magistrate Judge did not

consider the merits of their motion. [Doc. 429.]  Bosley and Brown object to this finding. [Doc.

430.]  Defendants WFMJ *et al.* object to the Magistrate Judge's recommendation that this Court

deny their request for attorney's fees. [Docs. 429, 432.] This Court considers each recommendation

and its corresponding objection in-turn.

## II.  Legal Standard

The Federal Rules of Civil Procedure provide that

> [a] motion for sanctions under this rule shall be made separately from other motions or
> requests and shall describe the specific conduct alleged to violate [this rule].  It shall be
> served as provided in Rule 5, but shall not be filed with or presented to the court unless,
> within 21 days after service of the motion (or such other period as the court may prescribe),
> the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or
> appropriately corrected.

FED. R. CIV. P. 11(c)(1)(A).  This provision is a "safe harbor" that protects the non-moving party

from a motion for sanctions if the party makes a timely withdrawal of the contention that gave rise

to the motion. FED. R. CIV. P. 11, Advisory Committee Notes (1993 Amendments).

Rule 5 requires that "every written motion other than one which may be heard ex parte, and

every written notice . . . shall be served upon each of the parties." FED. R. CIV. P. 5(a).  The moving

party properly makes service by, *inter alia*, personal delivery, FED. R. CIV. P. 5(b)(2)(A), by mail,

FED. R. CIV. P. 5(b)(2)(B), or by "electronic means, consented to in writing by the person served,"

FED. R. CIV. P. 5(b)(2)(D).  The moving party may choose its method of service.  FED. R. CIV. P. 5.

Rule 11's twenty-one day safe harbor provision relates to service by personal delivery. FED.

R. CIV. P. 11(c)(1)(A), 5.  The Federal Rules of Civil Procedure extend this period by another three

days when the moving party makes service by mail or electronic means. FED. R. CIV. P. 11(c)(1)(A),

6(e).  Specifically, "[w]henever a party must or may act within a prescribed period after service and

Case No. 4:04-CV-2529
Gwin, J.

service is made under Rule 5(b)(2)(B), . . . or (D), 3 days are added after the prescribed period would

otherwise expire under subdivision (a)." FED. R. CIV. P. 6(e).  When computing the period of time

prescribed or allowed by the rules, the day of the act or event "from which the designated period of

time begins to run shall not be included . . . [and the] last day of the period shall be included." FED.

R. CIV. P. 6(a).

Rule 11 allows that "[i]f warranted, the court may award to the party prevailing on the

motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion."

FED. RULE CIV. P. 11(c)(1)(A).

The requirements of Rule 11 are "absolute" and the Sixth Circuit demands "strict adherence

to the Rule's outlined procedure."  *Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir.

1997).  *See also Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 384 (6th Cir. 1997);

*Harnden v. Ford Motor Co.*, 408 F. Supp. 2d 300, 308 (E.D. Mich. 2004); *Conz v. Lady*, 2000 U.S.

Dist. LEXIS 22137, at *18-19 (W.D. Mich. Jan. 25, 2000).  This procedure includes both the form

of the motion and the timing of its service and filing.  *See, e.g.*, *Ridder*, 109 F.3d at 293-97;

*Harnden*, 408 F. Supp. 2d at 308-09; *Conz*, 2000 U.S. Dist. LEXIS 22137, at *17-19; *Neighbors*

*Concerned About Yacht Club Expansion v. Grosse Pointe Yacht Club*, 1999 U.S. Dist. LEXIS 8646,

at *29-30 (E.D. Mich. May 26, 1999).

Compliance with Rule 11's safe harbor provision is a mandatory procedural prerequisite to

an award under the rule.  *Morganroth*, 123 F.3d at 384.  *See also Harnden*, 408 F. Supp. 2d at 308;

*Conz*, 2000 U.S. Dist. LEXIS 22137, at *20-21; *Neighbors*, 1999 U.S. Dist. LEXIS 8646, at *28.

Accordingly, the court does not consider the merits of a Rule 11 motion where the moving party

fails to comply with the Rule's safe harbor requirements.  *Morganroth*, 123 F.3d at 384.  *See also*

-4-

Case No. 4:04-CV-2529
Gwin, J.

*Emery v. Mich. Dep't of Corr.*, 1999 U.S. Dist. LEXIS 1400, at *12 (E.D. Mich. Jan. 13, 1999);

*Thorne v. Micklow*, 1999 U.S. Dist. LEXIS 17109, at *23-24 (W.D. Mich. Oct. 22, 1999).

### III.  Analysis

Here, as the Magistrate Judge correctly found, Bosley and Brown did not strictly adhere to the absolute requirements of Rule 11.  On April 3, 2006, Plaintiffs had served on Defendants and Defendants' counsel notice of and a motion for sanctions via fax and regular mail.  In their notice, Bosley and Brown indicated their intention to file the motion for sanctions "within twenty-one days (April 24, 2006)" unless WFMJ *et al*. took certain actions.  In fact, Plaintiffs filed their motion for sanctions twenty-three days later, on April 26, 2006.  Under the Federal Rules, Bosley and Brown filed their motion for sanctions one day too early.

If, on April 3, Bosley and Brown effected personal service, then their April 26 motion would stand.  Instead, Plantiffs elected service by regular United States mail and fax.  As a result, Bosley and Brown obligated themselves to wait the three additional required by Rule 6(e) before filing their Rule 11 motion.  Thus, Defendants' safe harbor clock started on April 4, ran for twenty-one days until April 24, and then continued for three additional days until April 27.  Plaintiffs' earliest allowable filing day was April 27, not April 26.  Bosley and Brown did not allow this additional time to elapse.  Therefore, they did not meet the absolute requirements of Rule 11.

In their objection to the Magistrate Judge's Recommendation and Report, Bosley and Brown imply that their March 14 pleadings placed WFMJ *et al*. on sufficient notice of their intent to seek Rule 11 sanctions.  Bosley and Brown say that, as a result of the March 14 notice and motion, Defendants had forty-five days to avoid sanctions.  Consequently, Plaintiffs argue that this Court should find their April 26 motion to be timely.

-5-

Case No. 4:04-CV-2529
Gwin, J.

Plaintiffs' assertion is unavailing. Rule 11 clearly requires that "a motion for sanctions shall be made." The Federal Rules then require the moving party to serve the motion as provided in Rule 5 and file it a minimum of twenty-one days after service. Rules 5(b)(2)(B), (D), and 6(e) impose three additional "waiting days" where the moving party makes service by mail or electronic means. The Federal Rules do not contemplate forms of notice, service, or filing that are beyond their plain language. Instead, Rules 11, 5, and 6 require that Plaintiffs wait twenty-one plus three days before filing their motion for sanctions. Thus, Bosley and Brown prematurely filed their Rule 11 motion twenty-three days after serving notice on Defendants. The requirements of the Federal Rules are clear. It is equally evident that Bosley and Brown did not comply with the Rule's plain language.

The Magistrate Judge correctly notes that the Sixth Circuit requires the moving party to adhere strictly to the safe harbor provisions of Rule 11. Bosley and Brown did not do so and, as a result, their motion for sanctions fails. Plaintiffs Bosley and Brown ask the Court to nevertheless consider their motion. Although Defendant WFMJ's opposition to the completion of the settlement and the arguments used to justify that opposition were likely frivolous, Rule 11 requires adherence to its procedural requirements. Plaintiffs did not strictly comply with Rule 11. Therefore, this Court will not consider the merits of their motion.

In addition to considering Plaintiffs' objections to the Magistrate Judge's Report and Recommendation, this Court conducted its own review of the parties' briefs on the issue of attorney's fees. This Court agrees with the analysis of the Magistrate Judge. Defendants provide this Court with insufficient basis upon which to order attorney's fees. Further, Bosley and Brown may have a palpable claim for Rule 11 sanctions. Given that, Defendants "prevail" here only on procedural grounds and, as such, awarding them attorney's fees is not warranted  Additionally,

-6-

Case No. 4:04-CV-2529
Gwin, J.

Plaintiffs offer a plausible, even if ultimately wrong, argument that the Rule 11 time requirement

should run from the March 14 notice.  Given the arguable status of Plaintiffs' position, Defendants

fail to show their right to a Rule 11 award.

IV.  Conclusion

For these reasons, this Court **AFFIRMS** the Magistrate Judge's Report and

Recommendation, **DENIES** Plaintiffs' Rule 11 motion for sanctions, and **DENIES** Defendants'

request for attorney's fees incurred in defending against Plaintiffs' motion.

IT IS SO ORDERED.


Dated: August 25, 2006                                 s/          *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE